MERCANTILE TRUST CO. *v.* ZANESVILLE, MT. V. & M. RY. CO. *et al.*

(*Circuit Court, S. D. Ohio, E. D.* October 17, 1892.)

No. 543.

RAILROAD COMPANIES—BONDS—CONTRACT.
The title to railway bonds issued and delivered to a contractor in consideration of his promise to build certain track is in the contractor, with the right to pledge or sell them; and the purchaser or pledgee, although he has full knowledge of the terms of the contract, and of the fact that only four miles of the nine contracted for have been built, can recover their full value as against the receiver of the road.

In Equity. Bill by the Mercantile Trust Company of New York against the Zanesville, Mt. Vernon & Marion Railway Company and others to foreclose a mortgage. The receiver of the railway filed a cross bill to scale down the mortgage bonds. On demurrer to the cross bill. Sustained, and the cross bill dismissed.

*A. A. Frazier,* for cross complainant.

*W. H. Safford, John J. Stoddard,* and *Gilbert D. Munsen,* for complainant.

*Moses M. Granger, J. B. Foraker,* and *A. J. Sheppard,* for respondents.

SAGE, District Judge. This case is before the court on demurrer to the cross bill of the receiver of the Zanesville, Mt. Vernon & Marion Railway Company. The complainant's bill is for foreclosure of a mortgage securing bonds issued by said railway company. The cross bill sets up, among other things, that the mortgage bonds secured by the deed of trust given to the complainant were authorized and directed to be issued by said railway company under and by virtue of a contract in writing dated August 24, 1888, and made by it with one Chase Andrews. By the terms of this contract it was provided that he should have an issue of $225,000 of bonds, in consideration whereof, and upon the further consideration of $225,000 of the capital stock of said railway company, he bound himself, his heirs and assigns, to fully construct and equip that portion of said company's railroad known as the "Belt Line" with a trackage of not less than nine miles. It was further provided that the bonds were to be issued to him before the commencement of said work, and they were accordingly so issued and delivered for said purpose, and for no other. A copy of the contract is attached to and made part of the cross bill.

The cross bill further sets forth that Andrews and his assigns failed and refused, and still refuse, to fulfill the obligations imposed upon them by the terms of said contract, in that they failed and refused, and still refuse, to build said belt line, excepting only about four miles thereof; and that he sold or hypothecated all of the bonds so issued and delivered to him to persons who had full knowledge of the terms of the contract, and of the conditions upon which said bonds were issued; also that said persons took the same with full knowledge that Andrews had

not built said belt line, and was in default, except as above stated. Wherefore the cross complainant insists that the holders of said bonds are not entitled to receive from the proceeds of sale under the foreclosure payments upon the principal and interest of said bonds, but only upon the proportion thereof that the value of the four miles of said belt line that has been built sustains to the value of the whole nine miles, and prays that the bonds may be scaled down accordingly.

The demurrer must be sustained. The bonds were issued before the commencement of the work, in exact accordance with the stipulations of the contract, and Andrews was then invested with the title to them, and had the right to pledge or sell them. The averments that the purchaser or pledgee had full knowledge of the terms of the contract, and of the fact that Andrews had built only four miles of the belt line, are therefore wholly immaterial. It may be properly inferred from the contract that it was the intention of the parties that Andrews should have the bonds in advance of the performance of the work which he was to do, in order to enable him by negotiating them to procure the funds which he would require. The cross bill, therefore, does not state a case entitling the cross complainant to any relief, and it will be dismissed.